Richard A. Magner, and Helen A. Magner, his wife, parents of Joseph Magner, Appellants, *v.* The Frankford Baptist Church, Isaiah S. Barbour and William H. Ireland, copartners, trading as Barbour & Ireland, and William Ireland.

*Negligence—Trespasser—Inclosure of land.*

A landowner is under no duty to a trespasser who comes from a street across other land and passes over the owner's land to a possible danger on the land of a stranger.

A church owned two lots in Frankford, one fronting on Church street and the other on Penn street, which streets were at right angles to each other. The title to the intervening land fronting on both streets was not shown. The Church street lot was inclosed from the street by a stone wall ten feet high, and the Penn street lot by a retaining wall four feet high above which was a sloping embankment of earth of the height of three or four feet. It appeared that at one time there had been a gateway with steps leading from Penn street to the intervening land not owned by the church. The steps had decayed and been removed, but a person could get on the land by climbing up a steep embankment ten or twelve feet high. The church lot fronting on Penn street extended back towards a

quarry, but its rear line was forty-five feet from the quarry. The Church street lot owned by the church adjoined the quarry which was on the land of another. A child seven years of age was allowed to go upon the street unattended, and went upon the land through the old gateway, and crossed the lot belonging to the church, and fell into the quarry on the land beyond. *Held* (1), that the church in securely inclosing its land from the street had done more than the law required; (2) that it was under no duty to a trespasser who might come from the street, across the land of another, and pass over its land to a possible danger on the land of a stranger; (3) that a nonsuit was properly entered in a suit brought against the church to recover damages for the injuries to the child.

Argued Jan. 16, 1896. Appeal, No. 146, July T., 1895, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., June T., 1894, No. 975, entering nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries to a child seven years old. Before WILSON, J.

The facts appear by the opinion of the Supreme Court.

The court below entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*John G. Johnson, Lincoln L. Eyre* with him, for appellants.— The church was negligent in not fencing its lots: 16 Am. & Eng. Ency. of Law, 924; Bond v. Smith, 44 Hun, 219; Cooley on Torts, 660; Pollock on Torts, 352; Shearman and Redfield on Negligence, 9; Hydraulic Works v. Orr, 83 Pa. 332; Barthold v. Philadelphia, 154 Pa. 109; Hey v. Philadelphia, 81 Pa. 44; Macungie Twp. v. Merkhoffer, 71 Pa. 76; Newlin Twp. v. Davis, 77 Pa. 317; Lynch v. Nurdin, 1 Q. B. 29; Waite v. North Eastern Ry. Co., El., Bl. & El. 719; Hughes v. Macfie, 2 Hurl. & Colt. 744; Mangan v. Atterton, L. R. 1 Exch. 239; R. R. v. Stout, 17 Wall. 657; Cosgrove v. Ogden, 49 N. Y. 255; Ray's Negligence of Imposed Duties, 1891.

*Wm. E. Dudley*, for Frankford Baptist Church, appellee.— The church was not guilty of negligence: Woods v. Lloyd, 16 Atl. 43; McDonald v. Union Pac. R. R., 35 Fed. Rep. 38;

Gillespie v. McGowan, 100 Pa. 144; Bridge Co. v. Jackson, 114 Pa. 327; Gillis v. Penna. R. R., 59 Pa. 129; B. & O. R. R. v. Schwindling, 101 Pa. 262; Brown v. Lutheran Church, 23 Pa. 498; Hydraulic Works v. Orr, 83 Pa. 332.

*Samuel Wakeling*, for Barbour & Ireland, appellees, cited Klauder v. McGrath, 35 Pa. 128; Boyd v. Ins. Patrol, 113 Pa. 269; Gillespie v. McGowan, 100 Pa. 144; Gramlich v. Wurst, 86 Pa. 74; Glassey v. Hestonville R. R., 57 Pa. 172.

OPINION BY MR. JUSTICE FELL, March 2, 1896 :

This action was brought by the parents of a minor child to recover for the loss occasioned by his death. The child, who was under seven years of age, was allowed to go upon the street unattended, and wandered from the street upon a tract of land alleged to have belonged to one of the defendants, the Frankford Baptist Church, and fell into a quarry on land alleged to have belonged to, or to have been in the possession of, the other defendants, Barbour and Ireland. It is averred in the plaintiff's statement that the boundary line between the two tracts of land was on the edge of the quarry, and that it was the duty of both defendants to erect a barrier on this line, and that it was the further duty of the church, whose land abutted upon the street, to inclose it so as to prevent children from wandering upon it.

The testimony failed to show that the defendants, Barbour and Ireland, owned or occupied or had any interest in or control over the land upon which the quarry was situated. The attention of counsel was called to this failure by the court, and ample time allowed for the production of proof. The case therefore as to these defendants fell, and it need not be further considered. There was proof of title in the church to two lots, one fronting on Church St. and the other on Penn St. These streets are at right angles to each other. The lot fronting on Church St. adjoins the quarry property. The lot fronting on Penn st. extends back towards the quarry, but its rear line is forty-five feet from it. The title to the intervening land fronting on both streets was not shown. The Church St. lot was inclosed from the street by a stone wall ten feet high, and the Penn St. lot by a retaining wall four feet high, above which was

a sloping embankment of earth of the height of three or four feet. It appeared that at one time there had been a gateway with steps leading from Penn St. to the land on the northwest. The steps had decayed and been removed, and the child could get on the land by climbing up a steep embankment ten or twelve feet high. It was not shown that this open way was on land the title or occupancy of which was in the church. There was then nothing to submit to the jury, and the nonsuit was properly entered. The defendant in so securely inclosing its land from the street had done more than the law required. It was under no duty to a trespasser who might come from the street across the land of another and pass over its land to a possible danger on the land of a stranger. The result of the trial could scarcely have been different had it been shown that the title to the land into which the gateway opened was in this defendant, but as the questions which might then have arisen are not before us they should not be considered.

The judgment is affirmed.