Borgel *v.* Hoffman et ux., Appellants.

Argued March 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, SPAULDING, and CERCONE, JJ. (HOFFMAN, J., absent).

*Donald J. P. Sweeney,* with him *McEldrew, Hanamirian, McWilliams, Quinn & Bradley,* for appellants.

*John J. Coffey* and *Robert G. Kelly, Jr.,* with them *Marshall, Dennehey & Warner,* and *Kelly, Deasey & Scanlan,* for appellees.

OPINION BY CERCONE, J., June 22, 1971:

Plaintiff in this case fell in a driveway which runs between the rear of two rows of houses, one row fronting on Lawndale Street and the other row fronting on Bingham Street in the City of Philadelphia. This rear driveway is used in common by the abutting property owners and opens on both ends to public streets. Homer and Jane G. Hoffman are the owners of an abutting property located at one end of the driveway, their property being known and located as 5950 Lawndale Street. Plaintiff instituted an action against the Hoffmans alleging that her fall and consequent personal injuries

were the result of a defect in that portion of the driveway located on the Hoffman property. The Hoffmans, in turn, filed a Complaint seeking to join as additional defendants two owners of properties similarly located on the same side of the driveway and three owners of properties located on the opposite side of the driveway. No other owners of properties abutting the driveway, who also enjoyed easements therein, were named in the Hoffman suit.

In their Complaint the Hoffmans alleged that the negligence, if any, was that of the additional defendants "in that they did own, control and maintain the said common driveway and failed to maintain the same in a reasonably safe condition for public travel thereon". The Hoffmans claimed the "Additional Defendants are alone liable or jointly or severally liable or liable to the defendant for contribution for injuries or losses which Plaintiff may have sustained."

The additional defendants filed Answers denying that they had any ownership, possession or control, exclusive or otherwise, of the location at which plaintiff fell, and denied that the fall was the result of any condition which was caused, created, maintained, possessed, or controlled by them.

Interrogatories were then directed to the Hoffmans by the additional defendants and after Answers thereto, the additional defendants made motions for summary judgment in their favor on the reasoning that: plaintiff alleged she fell on that portion of the driveway owned by Hoffmans; that defendants did not deny such ownership; that according to Hoffmans' Answers to Interrogatories, the supposed duty of the additional defendants to maintain and control the driveway arose from their Deeds; and that no such duty or obligation is expressed or implied in their Deeds. The additional defendants claimed there was no genuine is-

sue as to any material fact involved and no cause of action existed against them. The lower court agreed and granted motions for summary judgment in their favor. This appeal by the Hoffmans followed.

The question presented to us can be stated as follows: Where the defendants own an easement over a driveway, a portion of which abuts or is located on their property, and a user contends negligence in their maintenance and repair of that portion of the driveway, are the other owners of properties abutting the driveway, who also enjoy an easement therein, responsible, either solely or jointly with the defendants, in the absence of any express covenant, for the repair and maintenance of that portion of the driveway so abutting or located on defendants' property?

It is apparent from the record in this case that each owner of property abutting the driveway enjoyed an easement over the driveway in common with all the other abutting owners. This, in general, is characteristic of an easement appurtenant, which, by its very nature, contemplates a tract of land (the servient tenement) used for the benefit of another tract (the dominant tenement): *Woodlawn Trustees, Inc. v. Michel,* 418 Pa. 398 (1965). There is no requirement that the servient and dominant tracts be contiguous; the dominant tract may and often is physically separated from the servient tract.

The general rule is that where an easement is used and enjoyed for the benefit of the dominant estate alone, the owner of the dominant estate is under the obligation to make repairs and may be liable to third persons for failure to keep the way in proper state of repair: *Reed v. Allegheny County,* 213 Pa. 300, 199 A. 187 (1938); *Bina v. Bina,* 213 Iowa 432, 239 N.W. 68 (1931).

The difficulty arises where, as here (unlike the *Bina* and *Reed v. Allegheny County* cases, supra), mul-

tiple property owners occupy the dual position of dominant and servient tenants. In this case, each owner of properties abutting the driveway is an easement owner or a dominant tenant of the driveway abutting the other properties. At the same time, each owner of property abutting the driveway is an easement grantee or servient tenant of that portion of the driveway located on his own property.

In these circumstances, the respective rights and burdens of each of the property owners must necessarily be determined by considerations of the equities and expediencies involved. In *Bina v. Bina,* supra, a case cited most frequently in this regard, but not involving, as already stated, multiple owners who are both dominant and servient tenants, the Iowa Supreme Court held the burden of upkeep distributable between the dominant and servient tenants in proportion to their relative use of the easement as nearly as may be ascertained. In *Barnard v. Gaumer,* 361 P. 2d 778, 146 Colo. 409, the Colorado Supreme Court, in remanding an easement case for clarification of evidence, nevertheless held that absent any agreement on the question of maintenance of a private way, the burden should be distributed equitably between the easement owners and the easement grantees.

The Pennsylvania courts have not formulated any inflexible rule of law which governs every fact situation with regard to the respective duties of the dominant and servient tenants. While we recognize the general rule, as already stated, regarding the obligation of a dominant tenant to keep in repair an easement which is used and enjoyed for the dominant estate alone, it must be recognized that this general rule is simply an application of the broader rule that the duty of repair should fall where reason, convenience, and equity require it to fall. Where, as in this case, an ease-

ment in a driveway is owned and utilized by many abutting property owners, it would be most unreasonable, inconvenient and inequitable to hold each dominant tenant liable for a defect in the driveway no matter how far removed from that dominant owner's property. It would be equally unreasonable, inconvenient and inequitable to hold only those dominant owners whose properties are close to the defect liable therefor, since we would then have to answer the question, "How close is close?" And, if we were to say that those dominant tenants making the most use of the driveway at the place of the defect should be liable therefor, we would be faced with difficult evidentiary issues as to amount of use and presented with the important legal question of how much use should impose liability. It is our conclusion that the most reasonable, expedient and equitable rule is to require each of the owners to be responsible for the maintenance and repair of only that portion of the driveway abutting or located on his own land.[1]

We do not here determine what may be the rights of the Hoffmans to recover from the other easement owners' contribution toward the cost of repairs and maintenance by virtue of covenants in the respective Deeds, the issue before us being only as to the responsibility and liability of the additional defendants for the actual maintenance and repair of that portion of the driveway abutting or located on the Hoffman property.

Judgment affirmed.

---

[1] Because of the rule here enunciated and applied, it is immaterial whether or not plaintiff was herself an owner of one of the abutting properties, the Complaint alleging her residence at 5932 Lawndale Street. Her residency in proximity to the defect and her use of the driveway may, however, become pertinent to the issue of contributory negligence in her suit against the Hoffmans.

DISSENTING OPINION BY MONTGOMERY, J.:

Plaintiff, Margaret Borgel, fell on a driveway which ran in the rear of properties in the 5900 block of Lawndale and Bingham Streets in the City of Philadelphia. Plaintiff alleged that the cause of her fall was a certain "large hole, obstruction, depression, irregularity or defect" in that part of the driveway which was in the rear of property known as 5950 Lawndale Street, owned by Homer and Jane G. Hoffman, whom she sued for damages.

Thereafter the Hoffmans filed a complaint against Leo D. Canfield et ux., Paul Worstall et ux., Grant H. Afflenbach et ux., Benjamin F. Richardson et ux., and and Dennis Haggerty et ux., averring that they "did own, control and maintain the said common driveway and failed to maintain the same in a reasonably safe condition for public travel thereon." By way of answer, the Richardsons and the Canfields denied that they owned, controlled or had the responsibility to maintain said driveway and directed interrogatories to the Hoffmans, seeking facts in support of their averment that the additional defendants owned, controlled and maintained the common driveway. The Hoffmans answered by referring to the deeds which the Canfields and the Richardsons had received when they purchased their properties (which deeds have not been submitted to us).

I note, however, that in the motions for summary judgment the Canfields and the Richardsons deny that any duty to maintain the driveway is expressed or implied in any easement in their deeds. However, they admit in their briefs filed on this appeal that they "each own homes which abut upon the common driveway, each residence is two properties removed from the situs of the alleged accident."

In answer to the motions for summary judgment the Hoffmans denied that the Canfield and the Richardson

deeds do not impose the alleged duties upon them and averred also "that such duty arises because of the dominant nature of additional defendants tenement in relation to Original defendants tenement which is servient to the property of additional defendant."

On the basis of this record, summary judgment was entered for the Richardsons and the Canfields, from which this appeal by the Hoffmans followed.

I note also that all of the abutting property owners on this driveway are not joined as additional defendants, merely those abutting thereon in the area where the alleged defective condition existed. In this regard, it would appear that the plaintiff is also an abutting property owner, for she gave her address as 5932 Lawndale Street. Furthermore, there is nothing in this record to show how or when or for what purpose this common driveway was established, which may be of grave importance in resolving this dispute. Although the plaintiff alleges the driveway should have been maintained in a safe condition for public travel, the record is void of any facts to permit a determination of whether it was private or public. The effect of the decision by the lower court is to make the Hoffmans' property primarily if not solely liable for the damages suffered by plaintiff's fall, which by analogy, is the same liability imposed on a property owner for accidents occurring on the sidewalks of same used by the public generally, without first determining whether this is a private or public way.

Although the Courts of this Commonwealth have not spoken specifically on the liability of servient property owners in cases of private easements, the courts of other jurisdictions have done so. Without any conflicts that I am able to find, the law is as expressed in 25 Am. Jur. 2d, Easements and Licenses §85, "It is not only the right but the duty of the owner of an ease-

ment to keep it in repair; the owner of the servient tenement is under no duty to maintain or repair it, in the absence of an agreement therefor."

It appears from the lower court's opinion that its decision is based on the argument that the Hoffmans and every other abutting property owner are primarily responsible for that part of the driveway lying within the area owned by each because they are in a better position to observe and correct any defects therein; and also because abutting owners some distance removed from the defective area may never have occasion to cross and see the defects. This is merely conjectural and an untenable argument and is contrary to the rule previously expressed. No cases are cited by the lower court in support of its opinion nor have any been supplied on this point; i.e., that each joint owner of a common driveway is primarily liable for that part lying within his property, the servient tenement.

*Reed v. Allegheny County,* 330 Pa. 300, 199 A. 187 (1938), cited by appellant, in my opinion, demonstrates the need to examine closely and fully the factual relationship between the parties to an easement before determining their rights. This was not done sufficiently in this case to enable the lower court to come to a proper conclusion. Furthermore, summary judgments should be entered only when there is no genuine issue of fact present. Pa. R. C. P. No. 1035. I find numerous questions of fact, which I think should be determined at trial.

I would reverse the summary judgments entered in favor of the Canfields and the Richardsons, with a procedendo.

Therefore, I respectfully dissent.

JACOBS, J., joins in this dissenting opinion.