## Hilltop Village Association Inc. v. Klasen et al.

*Ronald M. Bugaj*, for plaintiff.
*Louis B. Nielsen*, for defendant.

THOMSON, *J.*, January 7, 1982—The within matters involve appeals for district justice judgments against plaintiff and for defendants in each case. Defendants herein have demurred to plaintiff's complaint alleging: (a) That plaintiff is not the "real party in interest" under the meaning of Rule 2002, Pa.R.C.P. (b) That plaintiff had alleged no contractual relationship with defendants in their complaint; and (c) That plaintiff has alleged no cognizable duty under the law to bear any expenses incurred by plaintiff.

We find the above to be basically all the same argument, and agree with same in toto. It is clear from our examination of plaintiff's complaint that no contractual relationship is alleged to have existed between plaintiff and defendants. Rather, plaintiff argues that there is a "necessity" for incurring certain expense in connection with road maintenance within the Bavarian Village development that somehow plaintiff is authorized to collect from defendants and disburse accordingly. We know of no precept in the law which would allow for such a finding. Defendants, as property owners, and holders of roadway easements in the development, are limited in their responsibility to the duty imposed by Borgel v. Hoffman, 219 Pa. Superior Ct. 260, 280 A. 2d 608 (1971). Under these circumstances, in the absence of a deed, covenant, or other contractual obligation to incur such liability as is sought herein, we will not impose such upon defendants.

Our courts have been reluctant to even impose responsibility on property owners when dealing with deed covenants for road maintenance, etc. in the absence of an assignment of the grantor's rights to collect same, or specific deed provisions allowing a property owner's association to collect same,

under the "real party in interest" concept of Pa.R.C.P. 2002: Holpoco Civic Association v. Jarrett, 4 Carbon 346 (1971), Indian Mt. Lake Civic Ass'n, Inc. v. Davidson and Pleasant Valley Builders, Inc., 6 Carbon 298 (1977) and Indian Mt. Lake Civic Ass'n Inc. v. Coyle, 7 Carbon 181 (1979). (See also opinion of Thomson, J., Property Owners Ass'n of Sun Valley Lake, Inc. v. Hall, 177 Civil (1980), Monroe, C.P.).

Plaintiff admits that there is no deed covenant sought to be enforced herein. Somehow, plaintiff contends that strengthens its position. We feel exactly to the contrary.

Plaintiff corporation is no more than a "volunteer" in the eye of the law, with respect to its activities in question in the Bavarian Village development. It is attempting to use our courts to coerce defendants to give financial succor to these actions. We never have been a source of aid and comfort to such efforts, and do not intend to set what we feel would be a dangerous precedent in this matter. Hence, the following

ORDER.

And now, January 7, 1982, defendants' preliminary objections in assumpsit are hereby sustained. Although it would appear dubious in the highest sense that plaintiff could file an amended complaint to set forth a proper cause of action against defendants, plaintiff is, nonetheless, given 20 days from date to do so.