487 A.2d 839

**John MSCISZ**

v.

**Carl and Mary RUSSELL, et al.**

**Appeal of Carl RUSSELL and Mary Russell.**

Superior Court of Pennsylvania.

Argued July 11, 1984.

Filed Dec. 21, 1984.

Reargument Denied Feb. 21, 1985.

Petition for Allowance of Appeal Denied Aug. 9, 1985.

Howard A. Davis, Philadelphia, for Stanton, appellee.

Joseph W. Fullem, Jr., Thomas C. Delorenzo and Pamela B. Gagne, Philadelphia, for Geisler, etc., appellees.

J.S. Lynch, appellee, in propria persona.

John J. Duffy, Philadelphia, for Albright, appellee.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

WIEAND, Judge:

John Mscisz sustained injuries when he fell from a motorcycle while riding on a private driveway. He commenced an action against Carl and Mary Russell, alleging that they had caused his fall by failing to maintain in a safe condition that portion of the driveway which abutted their land. The Russells then joined as additional defendants approximately 55 neighbors whose lots also abutted on the private drive-

way. The Russells contended that each of their neighbors had an equal duty to maintain the driveway in a safe condition. The trial court summarily dismissed the Russells' complaint against all additional defendants.[1] This appeal followed.

■ As a general rule, where an easement is used and enjoyed for the benefit of a dominant estate, it is the owner of the dominant estate who is under obligation to keep the easement in good repair; and he may be liable to third persons if he fails to keep the right of way in a proper state of repair. *Reed v. Allegheny County*, 330 Pa. 300, 303, 199 A. 187, 189 (1938); 25 Am.Jur.2d Easements and Licenses § 85 (1966).

In *Borgel v. Hoffman*, 219 Pa.Super. 260, 280 A.2d 608 (1971), this Court held that where multiple owners of property which abutted a private driveway extending between two rows of houses enjoyed an easement over the driveway in common with other abutting owners, each owner, *in the absence of an agreement to the contrary,* was responsible for the maintenance and repair of only that portion of the driveway abutting or located on his land. Therefore, the owners of land in proximity to, but not abutting upon, the defendant's land on which the plaintiff fell and on which the alleged defect had existed owed no duty of repair and could not be held liable to the plaintiff.

In the instant case, however, an equal duty to maintain the private driveway was imposed upon each abutting owner by a covenant in the deed conveying title to his land. Each deed for land abutting the private driveway contained language similar to the following:

> Together with the free and common use, right, liberty and privilege of the aforesaid driveway as and for a driveway, passageway and watercourse in common with

1. Some additional defendants filed preliminary objections in the nature of a demurrer to the defendant's complaint; others filed motions to strike the joinder; still others moved for summary judgment. All additional defendants were included in the trial court's order which decreed that the defendants' complaint against all additional defendants be dismissed "with prejudice."

the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof at all times hereafter. *Subject however, to the proportionate part of the expense of keeping said driveway in good order and repair.*

Was this language intended to impose upon each owner of the dominant tenement a duty to keep in repair only that portion of the driveway which abutted or lay upon his lot? We think not. To so hold would result in a patchwork arrangement more likely to defeat than encourage the expressed intention to maintain the driveway in good repair with costs apportioned among all dominant tenants. If all abutting owners had a duty to contribute proportionately to the total cost of maintaining the driveway in a state of good repair, was it not also the intention of the parties that all should share the potential liability to one who has been injured because of a failure to keep the driveway in repair?

▮▮▮ Whether the intention of the parties, as expressed in their deed covenants, was to create a joint duty of repair and impose joint liability for failure to keep the driveway in repair is a viable issue. If the language of the covenant is ambiguous, extrinsic evidence may be received to show the manner in which the abutting landowners interpreted the covenant on prior occasions when repairs were needed. Other extrinsic evidence may also be helpful.

On a motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party, who must be given the benefit of all reasonable inferences. Moreover, any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lehigh Electric Products Co. v. Pennsylvania National Mutual Cas. Ins. Co.*, 257 Pa.Super. 198, 202–203, 390 A.2d 781, 783 (1978); *Schacter v. Albert*, 212 Pa.Super. 58, 62, 239 A.2d 841, 843 (1968).

In this case, it seems clear that the summary judgment was improvidently entered. The deed covenants are not supportive of a summary judgment which holds as a matter

42

of law that the dominant owners did not have a joint duty to keep the driveway in repair.

Reversed and remanded for further proceedings. Jurisdiction is not retained.

POPOVICH, J., filed a dissenting statement.

POPOVICH, Judge, dissenting:

I dissent. I would affirm on the opinion of the trial court.