Paul Kearns, a minor, by his parent and natural guardian, Ann E. Kearns, Appellant *v.* Rollins Outdoor Advertising, Inc., City of Philadelphia, Conrail and SEPTA, Appellees.

Argued April 8, 1985, before Judges ROGERS and COLINS and Senior Judge BLATT, sitting as a panel of three.

*Robert E. Cherwony, Kraft & Kraft, P.C.,* for appellant.

*Barbara R. Axelrod,* Divisional Deputy City Solicitor, with her, *Barbara W. Mather,* City Solicitor, for appellee, City of Philadelphia.

PER CURIAM OPINION, June 3, 1985:

Paul Kearns (Kearns), a minor, by his parent and natural guardian, sued the City of Philadelphia (city) and others in trespass for personal injuries he sustained when he fell forty feet from a billboard. Kearns

here appeals from an order of Judge THOMAS A. WHITE of the Court of Common Pleas of Philadelphia County which granted the city's motion for summary judgment because the court believed that pursuant to 42 Pa. C. S. §8541, which concerns governmental immunity, the city remained immune from liability.

The evidence shows that on the evening of May 9, 1980, Kearns, then fourteen years old, drank several cans of beer in a cemetery. He then left the cemetery, crossed the baseball field of a city playground, passed through a hole in the chain link fence around the playground, and proceeded to the billboard, owned by defendant Rollins Outdoor Advertising, Inc. (Rollins) and located on land owned either by defendants Southeastern Pennsylvania Transportation Authority (SEPTA) or the Consolidated Rail Corporation (CONRAIL). As noted, Kearns climbed the billboard, fell, and was injured.

Kearns alleged in his complaint that the city "owns and maintains the [playground], which is located in close proximity to the billboard in question," that the city "has failed to repair its fence which adjoins said billboard," and that the city was negligent because it failed "to maintain and repair the hole in its fence when it knew or should have known that minors who utilized the recreation center used the hole in said fence as a means of ingress and egress from the recreation center to said billboard, which they then climbed upon."

By Answer, the city denied Kearns' allegations of negligence and by New Matter invoked the affirmative defense of governmental immunity conferred by 42 Pa. C. S. §§8541-8564.

By Reply to New Matter, Kearns noted that the city advanced conclusions of law requiring no reply.

The city then filed a motion for summary judgment, contending that it had no duty as an adjacent

landowner to erect a fence to deter persons on the playground from entering a third party's property upon which an allegedly dangerous artificial condition existed and that since it did not own the billboard, which was under the control of Rollins and on the land of either SEPTA or CONRAIL, it was immune from liability pursuant to 42 Pa. C. S. §§8541-8564.

The trial court judge granted the city's motion for summary judgment.

The governmental and official immunity statute at 42 Pa. C. S. §§8541-8564 provides that, subject to exceptions, a local agency shall not be liable for damages on account of injury to a person or property caused by an act of the agency or its employees. The eight exceptions to immunity are found in 42 Pa. C. S. §8542 (b). To surmount the bar to liability by recourse to the exceptions, the plaintiff must, pursuant to 42 Pa. C. S. §8542(a)(1), satisfy the condition that his injuries occurred as the result of an act or acts for which damages would be recoverable under common law or a statute creating a cause of action.

Kearns' theory is that his pleadings establish for purposes of the city's motion for summary judgment the occasion for waiver of immunity provided by 42 Pa. C. S. §8542(b)(3) in the case of acts of negligent care, custody or control of the local agency's real property—here the playground fence. The city contends, however, that Kearns' pleading fail to state a cause for which damages would be recovered under common law. We agree with the city. Section 339 of the Restatement (Second) of Torts (1965) provides:

Artificial Conditions Highly Dangerous to Trespassing Children

A possessor of land is subject to liability for physical harm to children trespassing thereon

caused by an artificial condition upon the land if

  (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

  (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

  (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

  (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

  (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

But Section 339 says that a possessor of land is liable for physical harm to trespassing children caused by an artificial condition upon the possessor's land. Kearns does not allege that his injuries were the result of an artificial condition on the city's land; he alleges that the city had a duty to warn children of the dangers in climbing the billboard on the property of others, but Section 339 places that duty only upon the possessor of land on which the artificial condition is located. Indeed, case law supports our conclusion that one who has suffered injuries as the result of encountering a hazardous artificial condition on another's land cannot recover damages from the owner of the land over which he passed to reach the land on which the dangerous condition existed. *Heller v. Consolidated Rail Cor-*

*poration*, 576 F. Supp. 6 (E.D. Pa. 1982), *aff'd*, 720 F.2d 662 (3d Cir. 1983); *Cousins v. Yaeger*, 394 F. Supp. 595 (E.D. Pa. 1975); *Malischewski v. Pa. R.R. Co.*, 356 Pa. 554, 52 A.2d 215 (1947); *Magner v. Baptist Church*, 174 Pa. 84, 34 A. 456 (1896). In *Heller*, the court correctly summarized the law as follows:

I have found no cases, and have been directed to none, in which the landowner of property adjacent to that on which another person is injured has been held to owe any duty of care to that individual, absent any causal connection between the landowner's property and the plaintiff's injuries. To the contrary, the law appears clear that no such duty exists. In Cousins v. Yaeger, 394 F. Supp. 595 (E.D. Pa. 1975), the minor plaintiff was injured when struck by a train after allegedly crossing over land owned by the defendant which was adjacent to the railroad tracks. In granting the defendant landowner's motion for summary judgment, the court stated:

No case has been brought to our attention wherein there has been imposed upon a possessor of land a duty to erect fencing or other protective devices or warnings to deter trespassing children from entering a third person's property on which there exists a dangerous condition not created or maintained by the landowner and over which he has no control. As a matter of fact, there are cases which hold that possessors of land have no such duty. . . .

The imposition of a duty to fence one's land which adjoins a railroad right-of-way would under the facts of this case produce an incongruous result since the Pennsylvania cases hold that there is ordinarily no duty on a railroad to fence its right-of-way to prevent children from

trespassing. Dugan v. Pennsylvania R.R. Co., 387 Pa. 25, 127 A.2d 343 (1956); Malischewski v. Pennsylvania R.R. Co., 356 Pa. 554, 52 A.2d 215 (1947).

Cousins, *supra,* at 605.

*Id.* at 12.

Order affirmed.

### PER CURIAM ORDER

AND Now, this 3rd day of June, 1985, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.