510 A.2d 1284

Yahan Hamiter, a minor by his parents and natural guardians, Rose Hamiter and Lafayette Hamiter, in their own right, Appellants *v.* Consolidated Rail Corporation and City of Philadelphia and SEPTA, Appellees.

Argued April 8, 1986, before Judges ROGERS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*John R. Padova, Solo & Padova,* for appellants.

*Armando A. Pandola, Jr.,* Chief Deputy in Charge of Claims, with him, *Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, and *Barbara W. Mather,* City Solicitor, for appellees.

OPINION BY JUDGE ROGERS, June 19, 1986:

The parents of Yahan Hamiter, a minor, have sued the City of Philadelphia (city) and others for themselves and in behalf of their son (appellants) in trespass for personal injuries sustained when a train ran over their son's leg. They appeal from an order of Judge ALFRED J. DiBONA, JR., of the Court of Common Pleas of Philadelphia County which granted the city's motion for summary judgment based on the immunity conferred by the Judicial Code at 42 Pa. C. S. §8541.

The evidence shows that on June 9, 1982, young Hamiter, then eight years old, was playing at a city-owned vacant lot, formerly a lumberyard. He and his friends were amusing themselves for a time throwing rocks. They then left the lot and proceeded down a hill and onto property owned either by the Consolidated Rail Corporation (Conrail) or the Southeastern Pennsylvania Transportation Authority (SEPTA). They were looking for uninflated basketballs. Young Hamiter crossed the railroad tracks and got a basketball, which was in bushes. He was walking to retrieve another bas-

ketball when he caught his foot in the track and could not dislodge it. He was injured by a train.

The appellants alleged in their complaint that the city "by its agents, servants, employees and workmen, acting within the course and scope of their employment, owned, controlled, possessed, maintained and policed a vacant lot located at 3901-13 N. 13th Street, adjacent to the accident site, from which the minor plaintiff gained access to Conrail's and SEPTA's right of way"; that the city was "liable for damages on account of the serious and permanent injuries suffered" by him; and "that the defense of governmental immunity is inapplicable by reason of the exceptions recognized in 42 Pa. C. S. §8542." They further alleged that the city was negligent because it failed to warn "neighborhood children of the dangers involved in using its premises as a means of ingress and egress from Conrail's right of way" and failed "to repair the retaining wall and embankment adjacent to their premises so that neighborhood children would not be able to gain access to Conrail's right of way by trespassing across the city's property."

As first noted, Judge DiBona granted the city's motion for summary judgment.

The Judicial Code provides at 42 Pa. C. S. §8541 that, subject to exceptions, a local agency shall not be liable for damages on account of an injury to a person or property caused by an act of the agency or its employees. The eight exceptions to immunity are found in 42 Pa. C. S. §8542(b). However, to surmount the bar to liability by recourse to the eight exceptions, the plaintiff must, pursuant to 42 Pa. C. S. §8542(a)(1), first satisfy the condition that the damages claimed would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not enjoying governmental immunity.

The appellants rely on the exception to immunity at 42 Pa. C. S. §8542(b)(3) for negligent care, custody, or control of the local agency's real property. The city contends, however, that the appellants may not invoke the exception because they have not stated a cause for which damages could be recovered under common law. We agree with the city.

Our recent case of *Kearns v. Rollins Outdoor Advertising, Inc.*, 89 Pa. Commonwealth Ct. 596, 492 A.2d 1204 (1985), is directly on point and controlling. There, a fourteen year-old boy crossed a field of a city playground, passed through a hole in the chain link fence around the playground, and went to a billboard owned by an advertising enterprise located on land owned either by SEPTA or Conrail. The boy climbed the billboard, fell, was injured, and sued the City of Philadelphia. In affirming the order of the trial court granting the city's motion for summary judgment, we held that a plaintiff seeking damages for injuries suffered by an encounter with a hazardous artificial condition of land cannot recover damages at law from the owner of land over which he passed to reach the land on which the dangerous condition existed. Young Hamiter claims injury by a train on land other than the city's lot and cannot under the law recover damages from the city over whose land he passed to reach either SEPTA's or Conrail's land on which the train ran. He therefore did not satisfy the condition upon which the application of the exception depended.

Order affirmed.

## ORDER

AND NOW, this 19th day of June, 1986, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

258

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

The trial court entered summary judgment for the City of Philadelphia (City) on the ground that the appellant had not stated a cause of action within the exception to governmental immunity.

The exception to immunity in section 8542(b)(3) of the Judicial Code, 42 Pa. C. S. §8542(b)(3), upon which the appellant relies, deals with the negligent care, custody and control of real property in the possession of the local agency.

Whether the City was negligent in the care of its property depends on whether it owed a duty of reasonable care to the appellant. That duty may arise by virtue of a special relationship between the parties. Section 339 of the Restatement (Second) of Torts (1965), creates just such a duty, depending on the circumstances.

Section 339 provides:

Artificial Conditions Highly Dangerous to Trespassing Children

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

The comment to clause (c) of this section states that a possessor of land is under a duty to keep so much of his land as he knows to be subject to the trespasses of young children free from artificial conditions which involve an unreasonable risk of death or serious bodily harm.

This court has construed section 8542(b)(3) of the Judicial Code to impose liability only for negligence which makes government-owned property unsafe for the activities for which it was created. *See Kearns v. Rollins Outdoor Advertising, Inc.,* 89 Pa. Commonwealth Ct. 596, 492 A.2d 1204 (1985).

Thus, the fact finder must determine whether, under the circumstances of this case, a condition existed on the City's ground (the City is a possessor) which created an unreasonable risk of harm to children playing there. This involves a determination of foreseeability, which is a test for negligence. If no such condition existed, then the possessor must be exonerated. If such a condition did exist there, the fact finder must go further and determine whether the City's conduct was the proximate cause of the child's injuries. It is quite possible, under certain circumstances, for the fact finder to find that the negligent acts of two tort-feasors, namely the City and the Railroad Company, are contributing and proximate causes of the accident, and to impose liability upon both guilty parties.

Thus, it is apparent that a determination of material facts is involved in this case. Summary judgment should

not be entered unless the case is free from doubt and the moving party is entitled to judgment as a matter of law. Pa. R.C.P. No. 1035; *Green v. Juneja,* 337 Pa. Superior Ct. 460, 487 A.2d 36 (1985).

The majority indicates that the appellant cannot recover damages at law from the owner of the land which the appellant passed over to reach the land on which the dangerous condition existed, citing *Kearns* as controlling. I can see nothing which justifies this conclusion.

A review of *Heller v. Consolidated Rail Corp.,* 576 F. Supp. 6 (E.D. Pa. 1982), *aff'd* 720 F.2d 662 (3rd Cir. 1983), one of the cases on which *Kearns* relied, shows that it involved a twenty-one year old student at Villanova University. Under such circumstances, section 339 of the Restatement (Second) of Torts (1965), did not apply. In *Cousins v. Yaeger,* 394 F. Supp. 595, (E.D. Pa. 1975), also cited in *Kearns,* there was no evidence that the plaintiff had actually crossed over the defendant's property. This was the crux of the court's decision in *Cousins.* Everything else was dicta. Likewise, *Malischewski v. Pennsylvania Railroad Co.,* 356 Pa. 554, 52 A.2d 215 (1947), involved a question of fencing along the entire right of way of the railroad, which is irrelevant to the issue involved here. There, the property over which the crossing occurred was a railroad station and not a playground.

In the *Kearns* case, this court rightfully concluded that the City, as a possessor of land, had no duty to warn children of the dangers of climbing the billboard. That duty belonged to the possessor of the land on which the billboard rested. The duty of care owed by the City to trespassing children is to exercise reasonable care in connection with the artificial conditions on its own land. The allegation in the instant case is that the City permitted an artificial condition on *its* land to exist,

namely an area which children slid over to a dangerous condition at the railroad tracks. It is this area of the land that a possessor must keep free from artificial conditions which involve an unreasonable risk of harm or death.

This case should not be decided on summary judgment.