583 A.2d 1244

**Thomas R. HOUCK and Sandra G. Houck, h/w, Appellants,**

**v.**

**SAMUEL GELTMAN & CO., t/a and d/b/a Allen Garden Apartments, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1990.

Filed Jan. 4, 1991.

William E. Ford, Allentown, for appellants.

Janet W. Mason, Philadelphia, for appellee.

Before WIEAND, KELLY and CERCONE, JJ.

PER CURIAM:

This is an appeal from an order entering summary judgment in favor of a defendant landowner who allegedly failed to protect his invitee from a dangerous condition existing on adjacent land. After careful review, we affirm.

On June 16, 1986, at or about 12:30 a.m., Thomas R. Houck, an Allentown policeman, responded to a complaint that trespassers were in the swimming pool at Allen Garden Apartments, an apartment complex managed by Samuel Geltman & Company. Upon arrival, Houck observed and pursued several individuals as they ran from the pool and entered a wooded area on adjoining land. When Houck entered the woodland with his flashlight, he tripped and fell down a sharp incline or slope, sustaining injuries to his nose and head. In response to a request for admissions, he conceded that the fall had occurred on adjoining land and not on land owned by the defendant.

A motion for summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). See also: *Rybas v. Wapner,* 311 Pa.Super. 50, 54, 457 A.2d 108, 109 (1983); *Williams v. Pilgrim Life Insurance Co.,* 306 Pa.Super. 170, 172, 452 A.2d 269, 270 (1982). In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, 82–83, 468 A.2d 468, 470 (1983); *Zimmerman v. Zimmerman,* 322 Pa.Super. 121, 124–125, 469 A.2d 212, 213 (1983); *Wilk v. Haus,* 313 Pa.Super. 479, 482, 460 A.2d 288, 289–290 (1983). It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. *Wilk v. Haus, supra*

at 482, 460 A.2d at 290; *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association*, 280 Pa.Super. 329, 334, 421 A.2d 747, 750 (1980). Any doubt must be resolved against the moving party. *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982); *First Pennsylvania Bank, N.A. v. Triester*, 251 Pa.Super. 372, 378, 380 A.2d 826, 829 (1977). *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 140–141, 476 A.2d 928, 930–931 (1984). In the instant case, the facts are not in dispute. The only issue remaining to be decided, therefore, is whether the trial court properly held that the defendant was entitled to judgment as a matter of law.

"[I]t is well settled that the law imposes no duty upon a possessor of adjacent land to erect fencing or provide warnings so as to deter persons from entering a third party's property on which there exists a dangerous condition not created or maintained by the landowner and over which the landowner has no control." *Scarborough v. Lewis*, 523 Pa. 30, 39, 565 A.2d 122, 126 (1989). See: *Heller v. Consolidated Rail Corp.*, 576 F.Supp. 6 (E.D.Pa.1982), aff'd, 720 F.2d 662 (3d Cir.1983); *Cousins v. Yaeger*, 394 F.Supp. 595 (E.D.Pa.1975); *Lynch v. National Railroad Passenger Corp.*, 115 Pa.Cmwlth. 474, 540 A.2d 635 (1988), aff'd, 524 Pa. 445, 573 A.2d 1016 (1990); *Kearns v. Rollins Outdoor Advertising, Inc.*, 89 Pa.Cmwlth. 596, 492 A.2d 1204 (1985). It is clear in this case that the defendant-appellee did not create the slope or incline which existed on the neighboring land. The condition, rather, was a natural condition over which appellee had no control. Under these circumstances, there was no duty to enclose defendant's land by fencing or to warn persons leaving appellee's land that a slope or incline existed on the adjoining land. Because there was no such duty, appellee was entitled to judgment as a matter of law.

The order entering summary judgment is affirmed.