593 A.2d 431

Douglas J. OKKERSE, 1985 and Lynn F. Okkerse, H/W, an Incompetent, and Lauren Okkerse, a Minor by Douglas J. Okkerse, her Guardian, Appellants,

v.

Edward J. HOWE, III, Ford Motor Company, George Monroe Pfaumer, Arthur Eugene Pfaumer and Elizabeth C. Pfaumer, H/W, Lower Merion Township, Pennsylvania Department of Transportation, Michael P. Erdman and Barbara Dunbarry Erdman, H/W, Russell Bement and Viola Bement, H/W, Louise K. Soladay, Robert Tucker Hall, Dorothy H. Hall, Thomas C. Joyce and Nancelyn F. Joyce, H/W, George B. Lemon, Robert E. Wagner and Jean H. Wagner, H/W, William C. Pickett and Margaret R. Pickett, H/W, Albury N. Fleitas and Priscilla M. Fleitas, H/W, Daniel Brainard Slack, Willing Howard, John Aronian, Joel Wasley, Virginia Denison.

Superior Court of Pennsylvania.

Argued March 19, 1991.

Filed June 24, 1991.

David R. Black, Media, for appellants.

John A. Fitzpatrick, Philadelphia, for Daniel Brainard Slack, appellee.

Before CIRILLO, OLSZEWSKI and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County, granting appellee's motion for summary judgment. We affirm.

The issue in this case is whether appellee, Daniel B. Slack, an owner of property abutting a private roadway, is liable for injuries suffered by appellant/wife [1] which resulted when the motor vehicle which she was driving was struck by another automobile at the intersection of the private roadway and a public road on which appellant/wife was traveling. Appellee alleged that his property is located some two hundred fifty feet from the property which abuts the intersection, which was owned by the Pfaumers, who were also named defendants in this action. Appellants contend that overgrown vegetation on the Pfaumers' premises obstructed the view of the driver of the automobile which struck hers. In their complaint, appellants alleged that appellee and other property owners along the private

---

1. The other appellants are the husband and daughter of Mrs. Okkerse, the wife/appellant, who claim losses resulting from the wife/appellant's injuries and her consequent disability.

roadway, Avon Road, were negligent for failing to erect a stop sign at the intersection, failing to warn users of Avon Road of a duty to yield the right-of-way, permitting a dangerous condition to exist for an unreasonable length of time, failing to provide adequate warning of an unsafe condition, failing to perform duties they assumed, disregarding the safety of drivers by failing to eliminate or rectify an unreasonably dangerous condition, and failing to notify property owners of a traffic hazard caused by vegetation or to remove the same.

Appellee filed a motion for summary judgment on the basis that he had no affirmative duties to remove the vegetation on the Pfaumers' property or to post traffic signs on Avon Road. The lower court granted the motion on July 2, 1990, and appellants filed the instant timely appeal. On appeal, appellants contend that the lower court erred in determining as a matter of law that the appellee (and other property owners on Avon Road) had no duty to keep the road free of hazards on the basis of certain covenants in their deeds. Appellants allege that it could be inferred from those covenants that the Avon Road property owners had voluntarily assumed a duty to maintain and repair the private road. The lower court also reasoned that summary judgment was properly awarded because there is no common law duty to cut vegetation on the property of another for the benefit of the general public,[2] and that appellee was prohibited from erecting a stop sign on Avon Road by 75 Pa.C.S.A. § 6125(a).[3] Appellants contend that the lower court erred in granting summary judgment where there remained material issues of fact concerning the intention of the private property owners as to their joint duties to repair and maintain Avon Road.

2. For this proposition, the lower court cited *Borgel v. Hoffman*, 219 Pa.Super. 260, 280 A.2d 608 (1971), and *Mscisz v. Russell*, 338 Pa.Super. 38, 487 A.2d 839 (1984), discussed *infra*.

3. Section 6125(a) prohibits private individuals from placing "upon or in view of any highway any unauthorized sign, signal, marking or device which purports to be ... an official traffic control device ...". *Id.*

In reviewing the grant of a motion for summary judgment, we utilize the following standard of review:

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.*, 522 Pa. 367, [369], 562 A.2d 279, 280 (1989). The moving party has the burden of proving the nonexistence of any genuine issue of material fact. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, [202–204], 412 A.2d 466, 468–69 (1979). The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Davis v. Pennzoil Co.*, 438 Pa. 194, 264 A.2d 597 (1970).

*Marks v. Tasman et al.*, 527 Pa. ——, 589 A.2d 205 (1991). The entry of summary judgment will not be reversed on appeal unless there has been an error of law or a clear abuse of discretion. *O'Neill v. Checker Motors Corporation*, 389 Pa.Super. 430, 567 A.2d 680 (1989).

The duty of multiple owners of easements in a private road to maintain and make repairs to the road was discussed in *Borgel v. Hoffman*, 219 Pa.Super. 260, 280 A.2d 608 (1971). In that case, the plaintiff was injured when she fell in a driveway which ran between two rows of houses. Plaintiff alleged that her fall was due to a defective condition of the driveway. Defendants, who were the owners of the property immediately adjacent to the site of the plaintiff's injuries, joined as additional defendants other owners of property along the driveway. The court cited the general rule applicable to easements that where the easement is used and enjoyed for the benefit of the dominant estate alone, the owner of the dominant estate is under obligation

to make repairs. *Id.*, 219 Pa.Superior Ct. at 263, 280 A.2d at 609. However, the court reasoned that the existence of multiple owners who occupy the position of both dominant and servient tenants is a different situation, which calls for a determination of their respective rights and burdens by considering the equities and expediencies involved. *Id.*, 219 Pa.Superior Ct. at 263–64, 280 A.2d at 609–10. The court concluded that "the most reasonable, expedient and equitable rule is to require each of the owners to be responsible for the maintenance and repair of only that portion of the driveway abutting or located on his own land." *Id.*, 219 Pa.Superior Ct. at 265, 280 A.2d at 610.

This rule was further discussed in *Mscisz v. Russell*, 338 Pa.Super. 38, 487 A.2d 839 (1984). In *Mscisz*, plaintiff was injured when he fell from his motorcycle on a private driveway. Plaintiff claimed that defendants, who owned the property on which the accident occurred, had failed to maintain the driveway in a safe condition. Defendants joined as additional defendants fifty-five of their neighbors whose lots also abutted the private drive, alleging that they had an equal duty to maintain the driveway in a safe condition. *Id.*, 338 Pa.Superior Ct. at 39–40, 487 A.2d at 840. The trial court dismissed the complaint against all the additional defendants. *Id.*

On appeal, the court held that the rule in *Borgel, supra,* which limits the duty of maintenance and repair to that portion of the private road abutting or located on the property owner's own land, is limited to situations in which there is no agreement between the property owners to the contrary. *Mscisz v. Russell, supra,* 338 Pa.Super. at 40, 487 A.2d at 840. In *Mscisz*, the court found that each abutting owner had a covenant in his deed which required that the owner be subject to "the proportionate part of the expense of keeping said driveway in good order and repair." *Id.*, 338 Pa.Superior Ct. at 41, 487 A.2d at 841. The court held that, in consideration of these covenants, to impose a duty on each owner to repair only that portion of the driveway which abutted his own lot "would result in a patchwork arrangement more likely to defeat than encour-

age the expressed intention to maintain the driveway in good repair with costs apportioned among all dominant tenants." *Id.* Therefore, the court determined that summary judgment was improvidently granted because the intention of the parties, as expressed in their deed covenants, was a matter presenting a factual issue on which extrinsic evidence could be properly received. *Id.*

In *Oswald v. Hausman,* 378 Pa.Super. 245, 548 A.2d 594 (1988), the court cited *Borgel, supra,* and *Mscisz, supra,* in holding since there was no agreement between the abutting land owners to maintain the private roadway on which the decedent had died in his car because the road was snow-covered and unpaved, the abutting landowners each had a duty to maintain only the portion of the roadway which abutted his or her land. *Id.,* 378 Pa.Superior Ct. at 251, 548 A.2d at 597.

■ From the above cases, it can be seen that the critical factor which will implicate a duty to maintain or repair a private roadway in its entirety, and not just the portion immediately abutting the individual owner's property, is the existence among the individual owners of an agreement to undertake such responsibility. Appellant contends that such an agreement did exist in the instant case. We will address appellant's contention by examining the specific language of the covenants here involved.

The first covenant, entered into in 1957, between appellee's predecessor in title and the township in which the property is located consists of an agreement by appellee's predecessor in title "to pay his proportionate share of the cost of construction ... of Avon Road...." In the document containing the covenant, entitled "Land Subdivision Agreement," the covenant was stated to run with the land.

The second covenant which appellants argue establishes appellee's duty to maintain Avon Road is contained in a 1968 agreement which provided that the owners of the Avon Road properties would make payments to the township for the grading, paving, curbing, drainage, and removal and replacement of shade trees on Avon Road. Payment

of the sums due under this agreement, which was recorded in the deed book on May 20, 1968, automatically released the owners of the conditions of the Land Subdivision Agreement, and "all of other obligations of making improvements to or contributing to the cost of improvements made to Avon Road ... excepting the obligation to make future repairs after the Township has completed the work hereinafter specified." The lower court found that this agreement was inapplicable on its face to the facts herein because it "only pertains to maintenance of the road itself," and in the instant case, there were no allegations of a hazardous condition "in or on the roadway."

We do not find the 1968 agreement quite as unambiguous as did the lower court. Part of the 1968 covenant was that the township would not only grade, pave, and curb the roadway, but that it would also remove and replace shade trees along Avon Road. It is certainly possible, although not clear from the agreement itself, that removal and replacement of trees involved work not on the roadway itself but rather upon the land adjacent to the road. With this provision in mind, the meaning of the property owner's "obligation to make future repairs" becomes less certain. Although "repairs" would normally have the connotation of work involving the surface of the roadway itself, in the context of this agreement, it is possible that the word refers to a larger sphere of activity, which would include maintenance of the area adjacent to the roadway, in particular as that area relates to the removal and replacement of trees. It is further possible to construe "trees" to include vegetation, with such interpretation depending on facts outside of the language of the agreement.

There are additional difficulties in interpretation of the 1968 agreement. Under its terms, it is rather clear that the township was to perform the work relating to the improvement of Avon Road. The role of the property owners under the agreement was to pay the township for the work performed. The owners were then released from all obligations except the obligation to make future repairs. The

question arises as to what entity is to perform the future repairs referred to in the agreement. Is it the township as occurred in 1968, with payment for the work to emanate from the property owners? Or, are the property owners themselves charged with the responsibility of future repairs of the roadway? With all of these ambiguities present, we cannot uphold the lower court's order to the extent that it is based upon an interpretation that the agreement, as a matter of law, refers only to the obligation to make repairs to the road itself.

Nevertheless, we do not find that the lower court erred in granting summary judgment.[4] The duty to remove vegetation which obstructs the vision of motorists on an adjacent roadway resides in the owner of the property on which the vegetation is located. 75 Pa.C.S.A. § 6112(a)[5]; *Harvey v. Hansen,* 299 Pa.Super. 474, 487, 445 A.2d 1228 (1982) ("property owners are now on notice that they should remove or cut back foliage which obstructs the vision of passing motorists at an intersection"). *See also* Restatement (Second), Torts, § 363.[6] The rule of expedience, reasonableness, and equity established in *Borgel, supra,* 219 Pa.Super. at 265, 280 A.2d at 610, would not be served, despite the existence of a private agreement, by requiring that an owner of land abutting a private road be encumbered with a duty to remove overgrown or other vegetation

---

**4.** An appellate court may affirm the decision of the trial court if the result is correct on any ground. *Van Mastrigt v. Delta Tau Delta,* 393 Pa.Super. 142, 150 n. 6, 573 A.2d 1128, 1132 n. 6 (1990).

**5.** Section 6112(a) provides:
It is the duty of the owner of real property to remove from the property any tree, plant, shrub or other similar obstruction, or part thereof, which by obstructing the view of any driver constitutes a traffic hazard.
75 Pa.C.S.A. § 6112.

**6.** Section 363 of the Second Restatement of Torts provides:
§ 363. Natural Conditions.
(2) A possessor of land in an urban area is subject to liability for physical harm resulting from his failure to exercise reasonable care to prevent an unreasonable risk of harm arising from the conditions of trees on the land near the highway.
*Id.*

growing on his neighbor's property which is obstructing the view of motorists on the private road.

■ Practical and legal considerations would mitigate against imposition of such a rule. Such considerations would include the legal restraints which would prevent one property owner from entering onto the property of another and making modifications thereto, in addition to the practical problems of inducing a reluctant property owner to take the necessary measures to remove the troublesome condition. We note that there exists no duty under the law for a neighboring landowner to correct a defective artificial condition on his neighbor's property. *Magner v. Baptist Church*, 174 Pa. 84, 34 A. 456 (1896); *Cousins v. Yaeger*, 394 F.Supp. 595 (E.D.Pa.1975); *Kearns by Kearns v. Rollins Outdoor Advertising, Inc.*, 89 Pa.Cmwlth. 596, 492 A.2d 1204 (1985). We likewise decline to impose such a requirement with regard to this natural vegetative condition. Thus, despite the ambiguities of the 1968 agreement, appellee had no legal duty to remove the vegetation existing on the Pfaumers' property.[7] Accordingly, the lower court did not err in granting appellee's motion for summary judgment.

Order affirmed.

OLSZEWSKI, J., files a concurring and dissenting opinion.

OLSZEWSKI, Judge, concurring and dissenting:

I concur in the portion of the majority opinion which holds that appellant cannot base a cause of action on the failure to erect a stop sign, as appellee is prohibited from placing such a sign on Avon Road by statute. *See*, 75 Pa.C.S.A. § 6125(a). I cannot agree with the portion of the majority opinion which affirms the summary judgment holding that

---

7. The lower court also properly held that appellee had no duty to install a stop sign at the intersection where the accident occurred. 75 Pa.C.S.A. § 6125(a), *supra*, n. 3.

appellee had no duty to control the vegetation on another's property. Accordingly, I must dissent.

The majority correctly states the law as to the duty of a property owner to maintain a private roadway. In the absence of an agreement to the contrary, the property owner's duty of maintenance and repair is limited to that portion of the private road abutting or located on his own land. *See, Borgel v. Hoffman,* 219 Pa.Super. 260, 280 A.2d 608 (1971); *Mscisz v. Russell,* 338 Pa.Super. 38, 487 A.2d 839 (1984); *Oswald v. Hausman,* 378 Pa.Super. 245, 548 A.2d 594 (1988). I also agree that the law imposes the duty to remove vegetation which obstructs the vision of motorists on an adjacent roadway only on the owner of the property where the vegetation is located. *See, Harvey v. Hansen,* 299 Pa.Super. 474, 445 A.2d 1228 (1982); 75 Pa. C.S.A. § 6112(a); RESTATEMENT (SECOND) TORTS § 363. Finally, I agree with the proposition that the law does not impose a duty on a landowner to correct a defective artificial condition on a neighbor's property. *See, Magner v. Baptist Church,* 174 Pa. 84, 34 A. 456 (1896); *Kearns by Kearns v. Rollins Outdoor Advertising, Inc.,* 89 Pa.Cmwlth. 596, 492 A.2d 1204 (1985); *Houck v. Samuel Geltman & Co.,* 400 Pa.Super. 534, 583 A.2d 1244 (1991). My disagreement with the majority lies in the application of these principles to the case at bar.

The majority correctly decides that the covenant and subsequent agreement with the Township are ambiguous and could be construed to mean that appellee had undertaken an obligation to perform maintenance work on

> ... a larger sphere of activity, which would include maintenance of the area adjacent to the roadway, in particular as that area relates to the removal and replacement of trees. It is further possible to construe "trees" to include vegetation ...

Majority at 434. Thus, the question presented is not whether the law imposes an obligation to control the vegetation on appellee, but whether appellee has undertaken such an obligation by the covenant and subsequent agreement. It is

on this issue that a material factual question exists which precludes summary judgement. *Mscisz, supra; see also, Musser v. Vilsmeier Auction Co., Inc.*, 522 Pa. 367, 369, 562 A.2d 279, 280 (1989) (summary judgment is only proper in clearest of cases).

Nor am I persuaded that practical and legal considerations dictate the granting of summary judgment here. If the property in question is subject to the covenant and subsequent agreement, permission to enter onto the land to perform the obligation is necessarily implied in those agreements. Further, adequate legal remedies exist to enforce compliance with the covenant and agreement by a reluctant property owner.

Appellants are entitled to their day in court to prove whether or not appellee voluntarily undertook the obligation to control the vegetation in question. Reversing summary judgment does not impose a duty to do so under the law, it merely recognizes that individuals can assume duties by agreement above those imposed by law. I respectfully dissent.