**Jason CAREY, a Minor, by Marge CAREY and Kenneth Eisler, his parents and natural guardians, and Marge Carey and Kenneth Eisler, in their own right, Plaintiffs,**

v.

**CONSOLIDATED RAIL CORPORATION ("CONRAIL"), James A. Thomas, John F. McConaghy, Eugene Molloy, National Rail Passenger Corporation ("AMTRAK"), and Fluoro–Plastics, Inc., Defendants.**

Civ. A. No. 92–2417.

United States District Court,
E.D. Pennsylvania.

Dec. 28, 1992.

Stephen T. Saltz, Larry Bendesky, Daniels, Saltz, Mongeluzzi & Barrett, Ltd., Philadelphia, PA, for plaintiffs Jason Carey, a minor by Marge Carey and Kenneth Eisler.

Paul F.X. Gallagher, Thomas O'Neill, Gallagher, Reilly and Lachat, Philadelphia, PA, for defendants Consolidated Rail Corp., James A. Thomas, John F. McConaghy, Eugene Molloy and Nat'l Railroad Passenger Corp. (AMTRAK).

Fluoro–PLastics, Inc., Philadelphia, PA, pro se.

C. George Milner, president, Fluoro–Plastics, Inc., John F. Ledwith, Lambrum and Doak, Philadelphia, PA, for Fluoro–Plastics, Inc.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

Plaintiffs commenced this action seeking compensation for injuries sustained when Plaintiff Jason Carey was struck by a Conrail train on April 5, 1990. Defendant Fluoro–Plastics, Inc. ("Defendant Fluoro") owns property located adjacent to the railroad tracks where the accident occurred. Defendant Amtrak owns the property upon which the railroad tracks are located. A fence separates the property owned by Defendant Fluoro and the property owned by Amtrak. Pursuant to Federal Rule of Civil Procedure 12(c) and (h)(2), Defendant Fluoro filed this Motion for Judgment on the Pleadings arguing that Plaintiffs have failed to state a claim upon which relief can be granted. Based upon the reasons set forth below, the Motion of Defendant Fluoro for Judgment on the Pleadings is hereby granted.

Plaintiff Jason Carey allegedly climbed through a hole in the fence which borders the property owned by Defendant Fluoro to gain access to the railroad tracks. Plaintiffs argue that Defendant Fluoro was negligent because it failed to inspect and control the area near the railroad tracks; failed to maintain or fix holes in its fence; failed to warn Plaintiff Jason Carey of the dangers created by the holes in the fence; and encouraged the use of the hole in the fence as a right-of-way to gain access to the railroad tracks.

■ Even though a moving defendant has filed an answer to a plaintiff's complaint, a court should treat a motion for judgment on the pleadings as if it were a motion to dismiss. *National Assoc. of Pharmaceutical Mfr., Inc. v. Ayerst Laboratories*, 850 F.2d 904, 909 n. 2 (2d Cir. 1988). In resolving a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view these allegations and inferences in a light most favorable to the non-moving party.

Pursuant to Pennsylvania law, in order for Plaintiffs to sustain a cause of action in negligence against Defendant Fluoro, Plaintiffs must establish the following elements:

1. A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks;

2. A failure on his part to conform to the standard required;

3. A reasonable causal connection between the conduct and the resulting injury; and

4. Actual loss of damage resulting to the interest of another.

*Casey v. Geiger*, 346 Pa.Super. 279, 499 A.2d 606, 612 (1985) (citing Prosser, LAW OF TORTS, § 30 at 143 (4th ed. 1971)). Defendant Fluoro maintains that Plaintiffs' claims against it must fail because Defendant Fluoro had no duty or obligation as a matter of law to protect Plaintiff Jason Carey from harm on adjacent land.

■ Under Pennsylvania law, a possessor of land has no duty to erect fencing or provide warnings so as to deter persons from entering adjoining property in which a dangerous condition exists which was not created or maintained by the possessor of land. *Hauck v. Samuel Geltman & Co.*, 400 Pa.Super. 534, 583 A.2d 1244 (1991); *see also Cousins v. Yaeger*, 394 F.Supp.

595 (E.D.Pa.1975) (landowner had no duty to erect a fence on his property which adjoined railroad right-of-way since dangerous condition did not exist on landowner's property); *Heller v. Consolidated Rail Corp.*, 576 F.Supp. 6 (E.D.Pa.1982), *aff'd*, 720 F.2d 662 (3d Cir.1983) (landowner had no duty to guard against dangerous conditions which exist on adjoining property). Accordingly, Defendant Fluoro has no duty to erect a fence or to provide warnings so as to deter persons such as Plaintiff Jason Carey from entering the adjacent land owned by Amtrak where the railroad tracks are located.

Plaintiffs maintain that the cases cited above are distinguishable from the present case since a fence did not separate the railroad tracks and the adjoining property in those cases. Plaintiffs argue that Defendant Fluoro was negligent in failing to maintain or repair its existing fence. However, under Pennsylvania law, an adjoining property owner has no duty to repair or maintain its fence to prevent persons from climbing through holes in the fence to gain access to neighboring land upon which railroad tracks are located. *See Gardner v. Consolidated Rail Corp.*, 524 Pa. 445, 573 A.2d 1016 (1990); *Scarborough v. Lewis*, 523 Pa. 30, 565 A.2d 122 (1989).

These recent decisions rendered by the Pennsylvania Supreme Court involved extremely similar circumstances. In *Scarborough*, the plaintiff, a nine-year-old boy, while playing basketball, took a shot at the basket, the ball ricocheted off the backboard, rolled to the end of the street and through a chain linked fence which stretched down an embankment toward railroad tracks. 523 Pa. at 32–34, 565 A.2d at 123. The plaintiff then climbed through a hole in the fence and down the embankment to recover the ball. He threw the ball under the fence but instead of returning to the game, the plaintiff went back down to the railroad tracks. He then hopped on a freight train and after travelling a short distance tried to hop off the train but his pant leg got caught. He fell under the wheels of the train and both of his legs were severed just below his knees. *Id.*

The plaintiffs in *Scarborough* brought a cause of action for damages against the trustees for the Reading Railroad Company which joined the City of Philadelphia as an additional defendant on the grounds that it had failed to keep its fence in repair and had thereby breached a duty owed to the plaintiff to protect him from the dangerous condition created by the movement of trains on the railroad's property. The City argued that the law did not impose upon it a duty to protect a minor child from dangerous activities being conducted on another's property. The appellees in *Scarborough* argued that Section 323 of the Restatement (Second) of Torts created a legal duty requiring the City to repair its fence. Section 323 provides as follows:

§ 323. Negligent Performance of Undertaking to Render Services

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking.

The Supreme Court of Pennsylvania in *Scarborough* stated that it was "[t]he misperception of both the Superior Court and Appellees that Section 323 creates a duty requiring the City to repair the fence." 523 Pa. at 38, 565 A.2d at 125. The court went on to state that it has previously held that Section 323 does not change the burden of a plaintiff to establish the underlying elements of a negligence action nor can this Section 323 be invoked to create a duty where one does not exist. *Id.* (citing *Morena v. South Hills Health System*, 501 Pa. 634, 640–42, 462 A.2d 680, 684 (1983)).

[I]t is well settled that the law imposes no duty upon a possessor of adjacent land to erect fencing or provide warnings so as to deter persons from entering a

third party's property on which there exists a dangerous condition not created or maintained by the landowner and over which the landowner has no control.

*Scarborough,* 523 Pa. at 39, 565 A.2d at 126 (citations omitted). Moreover, the court stated that "it would be incongruous to impose such a duty upon landowners adjacent to a railroad right-of-way when it long has been held that a railroad has no duty to erect fences on its right-of-way to deter trespassers." *Id.* The court found that the City had no common law duty to erect or repair its fences to prevent persons from entering adjacent property. The court also found that the hole in the fence was not the proximate cause of the accident. *See id.* (citing *Malischewski v. Pennsylvania R.R.,* 356 Pa. 554, 554, 52 A.2d 215, 216 (1947)). The court granted the City's motion for judgment notwithstanding the verdict.

Four months after its opinion in *Scarborough,* the Supreme Court of Pennsylvania in *Gardner v. Consolidated Rail Corporation,* 524 Pa. 445, 573 A.2d 1016 (1990) followed its holding in *Scarborough* and found that an adjacent landowner had no common law duty to repair a fence or to erect a barrier in order to contain the unsupervised activity of a minor at least as to persons injured on neighboring land. *Gardner,* 524 Pa. at 449–51, 573 A.2d at 1018 (citing *Scarborough,* 523 Pa. at 36–40, 565 A.2d at 125–26). Moreover, the court in *Gardner* held that the poorly maintained fences did not proximately cause the plaintiffs' injuries. 524 Pa. at 455–57, 573 A.2d at 1021.

Plaintiffs argue that *Scarborough* and *Gardner* are inapplicable to the present case since those cases involved adjoining landowners that were entitled to governmental immunity. Despite the fact that municipalities were involved in those cases, the Supreme Court of Pennsylvania has clearly held as a matter of law that an adjacent landowner has no common law duty to repair or maintain its fence in order to prevent persons from entering a third person's property on which a dangerous condition exists not created by the adjacent landowner. Before the court in *Gardner*

reached its determination that recovery against the City was barred by the Political Subdivision Tort Claims Act, the court analyzed whether there was a cause of action under the facts of the case against a person not protected by governmental immunity. *Gardner,* 524 Pa. at 449–51, 573 A.2d at 1018.

Based upon the Pennsylvania Supreme Court's decisions in *Scarborough* and *Gardner,* I conclude that Plaintiffs in the present case have failed to state a claim upon which relief can be granted since Defendant Fluoro owes no common law duty to repair or maintain its fence in order to deter persons such as Plaintiff Jason Carey from entering adjacent property upon which a dangerous condition exists.