J-A23002-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| DAVID KASMOCH AND EDNA MAE KASMOCH, HUSBAND AND WIFE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| VINCENZA LORRELLO A.K.A. VINCENZA LORRELLA, FRANCIS E. CONFORTI AND MICHELLE E. CONFORTI, VERENA CONFORTI, LINDA J. BENNETT, GEORGE LOUISE, BARRY LOUISE, RONALD LOUISE AND PAULA LOUISE, | |
| v. | |
| FRANCIS CONFORTI AND MICHELE CONFORTI, HUSBAND AND WIFE, | |
| v. | |
| DAVID KASMOCH AND EDNA MAE KASMOCH, | No. 1792 WDA 2013 |

Appeal from the Order dated October 9, 2013,
Court of Common Pleas, Venango County,
Civil Division at No(s): Civ No. 1367-2009, Civ No. 1369-2009
and Civ No. 580-2008

BEFORE:  DONOHUE, ALLEN and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED SEPTEMBER 15, 2014**

David Kasmoch and Edna Mae Kasmoch (collectively, "the Kasmochs") appeal from the October 9, 2013 order entered by the Venango County Court of Common Pleas following a consolidated non-jury trial regarding the (1) the Kasmochs' complaint sounding in trespass and seeking a declaratory

judgment regarding the boundary of the Kasmochs' property against Vincenza Lorrello a/k/a Vincenza Lorrella ("Lorrello"), Francis Conforti and Michelle Conforti (collectively, "the Confortis"), Verena Conforti, Linda Bennett, George Louise, Barry Louise, Ronald Louise and Paula Louise (the Louise defendants collectively, "the Louises") (all appellees collectively, "Appellees"); (2) the Confortis' action in ejectment against the Kasmochs for the Kasmochs' alleged possession of a portion of their property; and (3) the Louises' and Lorrello's action in ejectment against the Kasmochs for the Kasmochs' alleged possession of a portion of their property. Because the record reflects that the Kasmochs did not file post-trial motions in this case, we are compelled to dismiss the appeal.[1]

The record reflects the following relevant procedural history. On June 30, 2011, after a bench trial, the trial court entered an opinion detailing its findings of fact and conclusions of law. In an accompanying order, the trial court instructed counsel for the parties "to meet and draft a stipulated order that can be recorded that appropriately implements [the trial court's] findings and conclusions[.]" Trial Court Order, 6/30/11. On July 25, 2011, the Kasmochs filed an appeal from that order, but withdrew the appeal on August 11, 2011, as the June 30 order was not a final, appealable order. *See* Notice of Appeal, 7/25/11; Application to Withdraw Appeal, 8/11/11.

---

[1] Although not raised by any party, this Court may dismiss an appeal *sua sponte* based on an appellant's failure to file post-trial motions. ***See, e.g., Bilec v. Auburn & Associates, Inc. Pension Trust***, 588 A.2d 538, 540 (Pa. Super. 1991).

On September 2, 2011, the Kasmochs filed a motion to reconsider before the trial court raising five issues,[2] none of which corresponds to any of the issues raised on appeal.[3]  Motion to Reconsider, 9/2/11.  Appellees

[2]  The Kasmochs requested reconsideration of the following:  (1) the width of the right of way for Meadowsweet Road; (2) the width of the right of way on Cripps Farm Road; (3) a declaration that the area between a split rail fence and a wire fence between the Kasmochs' property and Lorrello's property is owned by the Kasmochs; (4) a finding that the Kosmochs have a nonexclusive prescriptive easement for buried telephones and natural gas lines on Appellees' property going to the Kasmoch home; and (5) the best way for Appellees to access the east and west fields.  Motion to Reconsider, 9/2/11, at ¶¶ 1-5.

[3]  The Kasmochs raise the following issues on appeal:

1. Did the [trial c]ourt abuse its discretion or commit an error of law when [it] determined that the 'overlapped' or 'hatched' premises belonged to the Louises and the Confortis and not the Kasmochs and in determining that the western side of the stream was the boundary between the Cripps Property and the Louise/Lorrello Property?

2. Did the [trial c]ourt abuse its discretion or commit an error of law when [it] determined that the cart path of Meadowsweet Road and the Cripps Right of Way could only be tarred and chipped and could not be paved?

3. Did the [trial c]ourt abuse its discretion or commit an error of law when [it] determined that Meadowsweet Lane and the Cripps Right of Way were non-exclusive rights of way and the [trial c]ourt determined that the Kasmochs […] were solely responsible for maintain[ing] and repairing Meadowsweet Lane and the Cripps Right of Way?

The Kasmochs' Brief at xii.

filed a response to the Kasmochs' motion, acquiescing to four of the five requests for reconsideration made.[4]

On October 9, 2013, the trial court entered an order detailing its decision as to the rights and obligations of the parties regarding the property in question, relying on its prior findings of fact and conclusions of law in its June 30, 2011 order. Trial Court Order, 10/9/13. The Kasmochs did not file any motions following the issuance of that order, and instead filed a notice of appeal on November 7, 2013.

Pennsylvania Rule of Civil Procedure 227.1(c) requires the filing of post-trial motions within 10 days "of the decision in the case of a trial without a jury." Pa.R.C.P. 227.1(c)(2). Subject to certain exceptions not present here, post-trial motions are required following bench trials for actions at law and in equity, as well as in declaratory judgment actions. *Chalkey v. Roush*, 805 A.2d 491, 496 (Pa. 2002) (actions at law and in equity); *Motorists Mut. Ins. Co. v. Pinkerton*, 830 A.2d 958, 964 (Pa. 2003) (declaratory judgment action). If an appellant fails to file post-trial motions prior to appealing the lower court's decision, no issues are preserved for appellate review. *Estate of Hicks v. Dana Companies, LLC*, 984 A.2d 943, 976 (Pa. Super. 2009) (*en banc*), *appeal denied*, 19 A.3d 1051 (Pa. 2011).

---

[4] Appellees objected only to the last request made in the Kasmochs' motion to reconsider. *See* Response to Motion to Reconsider, 9/16/11, at ¶¶ 1-5; *supra* n.2.

The Kasmochs failed to file a post-trial motion preserving any of the issues raised on appeal. We cannot decide issues raised on appeal that have not been preserved. *See Bensinger v. Univ. of Pittsburgh Med. Ctr.*, __ A.3d __, 2014 WL 4072021, *8 (Pa. Super. Aug. 19, 2014) (stating "[f]ailure to raise an issue in a post-trial motion waives appellate review of the claim"). Arguably, this failure should have been flagged by the trial court, Appellees, and/or this Court's screening office. None of this happened. Instead, the parties, through their counsel, appeared for oral argument and admirably presented their positions before this panel.

In the absence of waiver, however, we nonetheless would affirm the trial court's decision. Regarding the first issue raised by the Kasmochs on appeal pertaining to the trial court's determination of ownership of the "overlapped" or "hatched" premises, our review of the record supports the trial court's factually detailed and well-reasoned opinion and conclusions reached in its June 30, 2011 opinion and order. *See McEwing v. Lititz Mut. Ins. Co.*, 77 A.3d 639, 646 (Pa. Super. 2013) (Our review of an appeal from a non-jury trial requires that we "determine whether the findings of the trial court are supported by competent evidence," and its "findings are especially binding on appeal[] where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence.").

Turning to the remaining arguments relating to the trial court's limitation that Meadowsweet Road and the Cripps right of way may only be tarred and chipped, not paved, and assigning exclusive financial responsibility for the maintenance of the two easements to the Kasmochs, the Kasmochs have not developed any legal argument to provide us grounds to reverse the trial court on these issues. **See** Kasmochs' Brief at 11-15. Because their combined argument on these issues solely relates to the perceived unfairness of the trial court's decision, without citation to relevant authority,[5] we would affirm the trial court's decision on these issues as well. **See** Pa.R.A.P. 2119(a) (requiring citation to pertinent authority in the argument section of an appellate brief); **see also Commonwealth v. Kearney**, 92 A.3d 51, 66 (Pa. Super. 2014) (an appellant's failure to develop an argument with citation to pertinent authority results in waiver of the issue raised on appeal).

Appeal dismissed. Jurisdiction relinquished.

_____

[5] In support of their remaining two issues, the Kasmochs cite to one case, **Borgel v. Hoffman**, 280 A.2d 608 (1971), which addresses the responsibility for maintaining a driveway shared by several landowners. Kasmochs' Brief at 15. The Kasmochs state the holding of **Borgel** as follows: "[T]he most reasonable, expedient and equitable rule is to require each of the owners to be responsible for the maintenance and repair of only that portion of the driveway abutting or located on his own land." **Id.** (citing **Borgel**, 280 A.2d at 265). The Kasmochs go on to recognize that the easement in the case at bar "traverses over" Appellees' property. **Id.** The Kasmochs state that because "Appellees also have the right to use the easement and will be using the easement by [*sic*] heavy farming equipment, […] it is only equitable for [] Appellees to be responsible for the wear and tear that they cause the property." **Id.** As stated herein, the holding of **Borgel** recited by the Kasmochs does not stand for that proposition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:9/15/2014