J-A21002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KATIE SNYDER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| AVA HUNT, ALESHIA GRIFFIN, ANNE | : | |
| MARIE SHOUR, RONALD SHOUR, | : | |
| JOHNSON THAIPARAMBIL, SHAINY | : | |
| THAIPARAMBIL, LEUDY CHECO, | : | |
| ANDREA CURIEL, GEORGE PORTER, | : | |
| MARY PORTER, JAY MARKOWITZ, | : | |
| EMMANUEL STOUPAKIS, SHARON L. | : | |
| AGATE, JOHN BURGHER, AND CITY | : | |
| OF PHILADELPHIA | : | No. 851 EDA 2020 |

Appeal from the Judgment Entered February 13, 2020,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No. 170300774.

BEFORE:   KUNSELMAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:               **FILED NOVEMBER 10, 2021**

Katie Snyder appeals from the judgment entered after the trial court denied her post-trial motion to remove a nonsuit in her personal-injury action. Ms. Snyder sued 14 Owners of various townhouses located near the spot where she tripped and fell in a common driveway that the Owners share.[1]

Because Ms. Snyder presented sufficient evidence establishing a duty of care in some Owners, we partially reverse and remand for a new trial against Jay Markowitz, Johnson Thaiparambil, and Shainy Thaiparambil. As to the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Ms. Snyder also sued Philadelphia, but the city is no longer a party to this action. We refer to the Appellees collectively as "Owners."

other Owners **who appeared for trial** and won the nonsuit, we affirm the denial of post-trial motions and the judgment on the grounds of waiver: *i.e.*, Ava Hunt, Aleshia Griffin, Emmanuel Stoupakis, and Sharon Agate. Finally, regarding those Owners who did not appear for trial, and against whom the trial court initially entered directed verdicts, but later reversed that decision following this appeal, we vacate the order of reversal and direct the trial court to enter the now-final judgment on the directed verdicts against John Burgher, George Porter, Mary Porter, Leudy Checo, and Andrea Curiel, jointly and severally, for $12,443.28 and in favor of Ms. Snyder.

In 2019, Ms. Snyder filed a premature appeal from the order denying her motion to remove the nonsuit, and this Court quashed. **See Snyder v. Hunt**, 60 EDA 2019, 2020 WL 689636 (Pa. Super. 2020) (unpublished decision). There, Judge Nichols detailed the factual and procedural history of this case as follows:

> [Owners] are owners and occupants of residential properties on the 6100 block of Castor Avenue and the 1400 blocks of Benner and Lardner Streets in Philadelphia. These properties share a common driveway, which runs behind the homes on Castor Avenue and between the homes on Benner and Lardner Streets.
>
> On July 24, 2015, [Ms. Snyder] tripped and fell while walking across the common driveway. On March 10, 2017, [she] filed a negligence complaint against [Owners], alleging that (1) [Owners] had a duty to maintain the driveway in a reasonably safe condition; (2) [they] breached their duty by permitting a "hole/broken pavement" to develop; (3) [she] suffered injuries as a result of her trip and fall; and (4) [Owners'] failure to maintain the driveway was the direct cause of [her] injuries . . .

- 2 -

[Owners] Ava Hunt, Aleshia Griffin, Jay Markowitz, Emmanuel Stoupakis, Sharon Agate, Ann Marie Shour, Johnson Thaiparambil, Shainy Thaiparambil, and the City of Philadelphia each filed cross-claims for indemnification and/or contribution against all other [Owners].

\* \* \* \* \*

The matter proceeded to a jury trial on September 10, 2018, [where Ms. Snyder] testified that she . . . walked down the common driveway to go to a corner store. N.T., 9/10/18, at 101. While attempting to avoid "one big crack" in the ground, [she] stepped into a "hole behind the crack" and fell. *Id.* at 103. During [Ms. Snyder's] testimony, her trial counsel displayed a photograph of the common driveway. [Ms. Snyder] looked at the photograph and pointed to the area where the hole was "roughly" located. *Id.* at 110.

[Ms. Snyder] also presented testimony from Robert Petralia, an expert in the field of land surveying. Mr. Petralia performed a survey of the area where [Ms. Snyder] fell, and he inspected the deeds for the properties on the 1400 blocks of Benner and Lardner Streets and the 6100 block of Castor Avenue. *Id.* at 50-51. Mr. Petralia indicated that [Ms. Snyder] fell near "the rear of 6109 Castor . . . just opposite 1414 Lardner Street." *Id.* at 56. Based upon his review of the deeds, Mr. Petralia also opined that all of [Owners'] properties "have the common use and right to use that driveway." *Id.* [He further testified that the Owners' deeds imposed upon the Owners a mutual obligation for the repair and upkeep of the common driveway.]

On cross-examination, however, Mr. Petralia testified that he did not bring all of [Owners'] deeds with him to trial. Rather, the only deed Mr. Petralia brought to trial was the deed for 6101 Castor Avenue. Therefore, Mr. Petralia conceded that he could not testify about the specific language in any deed other than the deed for 6101 Castor Avenue.

At the conclusion of [Ms. Snyder's] case-in-chief, counsel for [Owners] Shainy and Johnson Thaiparambil moved for nonsuit. After receiving argument from counsel,

the trial court granted the motion. Thereafter, counsel raised the same motion for [Owners] Ava Hunt, Aleshia Griffin, Emmanuel Stoupakis, and Sharon Agate. Following additional argument, the trial court granted the motion. Finally, counsel moved for nonsuit on behalf of Appellee Jay Markowitz, which the trial court also granted. On September 12, 2018, the parties signed a stipulation for dismissal of all claims against the City of Philadelphia.

[Ms. Snyder] filed a motion to remove nonsuit . . . On December 3, 2018, the trial court denied [that] motion . . . [She] filed a notice of appeal on December 26, 2018.

*Id.*, 2020 WL 689636, at *1–2 (some citations omitted).

The trial court had not entered judgment, and the defendant's various cross-claims remained unresolved. Therefore, this Court quashed Ms. Snyder's first appeal. The next day, the trial court entered an order dismissing all unresolved issues and entering judgment.[2] Ms. Snyder timely appealed from that entry of judgment.

She asks, "Whether the trial court . . . committed an error of law when it granted a nonsuit when [she] established a *prima facie* case with evidence presented during trial?"[3] Ms. Snyder's Brief at 4.

Being an award of judgment as matter of law, the trial court's refusal to remove a nonsuit is subject to *de novo* review. When we conduct that review:

---

[2] Unfortunately, in its haste to enter judgment, the trial court neglected to indicate for and against whom it was entered. Such clarification would have been helpful, because the court previously granted directed verdicts in favor of Ms. Snyder against five Owners who did not appear for trial.

[3] Ms. Snyder presents two other issues in her Statement of Questions Involved that reiterate her first issue. We address the three issues simultaneously.

- 4 -

The plaintiff must be allowed the benefit of all favorable evidence and reasonable inferences arising therefrom, and any conflicts in the evidence must be resolved in favor of plaintiff. Further . . . a compulsory nonsuit can only be granted in cases **where it is _clear_ that a cause of action has not been established.**

**Braun v. Target Corp.**, 983 A.2d 752, 764 (Pa. Super. 2009) (citation omitted) (emphasis added). Here, no such clarity exists, because genuine issues of material fact and witness credibility abound on this record.

As Ms. Snyder correctly argues in her brief:

she fell on the common driveway behind [Owners'] properties . . . directly behind the 6109 Castor Avenue property, owned by Jack Markowitz. A photograph was marked and admitted during the trial that showed the defect that [Ms. Snyder] fell over. Mr. Markowitz confirmed through the photo that the residence behind which [Ms. Snyder] fell was in fact his residence.

. . . where multiple owners of properties, which abutted a private driveway extending between two rows of houses, enjoyed an easement over the driveway in common with other abutting owners, each owner, in the absence of an agreement to the contrary, was responsible for the maintenance and repair of that portion of the driveway abutting or located on his land. **Mscisz v. Russell**, 487 A.2d 839 (Pa. Super. 1984). This Court questioned, "if all abutting owners had a duty to contribute proportionately to the total cost of maintaining the driveway in a state of good repair, was it not also the intention of the parties that all should share the potential liability to one who has been injured because of the failure to keep the driveway?" **Id.** at 41. The Court then stated, "whether the intention of the parties, as expressed in their deed covenants, was to create a joint duty of repair and impose joint liability for failure to keep the driveway in repair is a viable issue." **Id.**

[Owner] Shainy Thaiparambil testified at trial that she owned 6103 Castor Avenue. Additional testimony from Ms. Thaiparambil established that her property had access to

the common driveway. Ms. Thaiparambil confirmed from a photograph where the rear of her home was located in relationship to the common driveway. The deed for Ms. Thaiparambil's property was read to and confirmed by Ms. Thaiparambil as stating that her driveway extends to the center line of the 15-foot-wide, common driveway. Ms. Thaiparambil admitted that she inspected the common driveway several times a month.

The testimony from [Ms. Snyder's] Expert Surveyor, Robert Petralia, was that he reviewed every deed for the properties on the 1400 block of Benner and every deed for the properties on the 1400 block of Lardner and every deed for the properties on the 6100 block of Castor Avenue. Mr. Petralia had also produced a report that indicated what documents he reviewed and what opinions he held concerning the common driveway. Consistent with his report, Mr. Petralia testified that the deeds for each of the properties located on the 6100 block of Castor Avenue all contained language that there was an agreement of shared usage of the common driveway and an agreement to keep said driveway in good order, condition, and repair.

[Ms. Snyder's] evidence — including Mr. Petralia's testimony regarding the deeds for the properties on the 6100 block of Castor Avenue, together with Mr. Markowitz's testimony that he owned the property at 6109 Castor Avenue and [Ms. Snyder's] fall occurred directly behind his property, and with Ms. Thaiparambil's testimony that she owned the property at 6103 Castor Avenue and engaged in inspections of the common driveway — was sufficient to survive nonsuit, and the trial court's rulings of non-suit with regard to [Owners] Markowitz and Thaiparambil were thus inappropriate and [Ms. Snyder] should be granted a new trial.

Ms. Snyder's Brief at 10-12.

We agree and adopt this argument as the analysis of this Court.[4]

_____

[4] Ms. Snyder limited her appellate argument to Mr. Markowitz and Mr. and Ms. Thaiparambil. "This Court will not act as counsel and will not develop

*(Footnote Continued Next Page)*

Furthermore, the cross-examination of Mr. Petralia — upon which the trial court relied to concluded that Mr. Markowitz and the Thaiparambils owed Ms. Snyder no duty, and upon which Mr. Markowitz and the Thaiparambils rely to defend the nonsuit — is irrelevant at this procedural juncture. By crediting the cross-examination testimony of Ms. Snyder's expert over his direct testimony, the trial court made a credibility determination that the law reserves for the jury.

"A witness's credibility is a determination for the jury and necessarily creates a genuine issue of material fact." **White v. Owens-Corning Fiberglas, Corp.**, 668 A.2d 136, 142 (Pa. Super. 1995). Because the cross-examination of Mr. Petralia brought his credibility into question, this became a factual question for the jury to resolve. If the jury believes Mr. Petralia's interpretation of the deeds, then the Owners would have a duty to repair and maintain the common driveway in a safe condition, as a matter of law. **See Mscisz**, **supra**.

Also, the trial court viewed the evidence in the light most favorable to the Owners, in violation of its scope and standard of review for a motion for nonsuit. Instead, it should have viewed the evidence in the light most favor

_____

arguments on behalf of an appellant." **Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa. Super. 2014). Because Ms. Snyder has not developed an argument regarding the other defendants who appeared for trial, sought, and obtained the entry of nonsuit, Ms. Snyder has waived any trial court error regarding them. Thus, we affirm the denial of Ms. Snyder's post-trial motion as to Ava Hunt, Aleshia Griffin, Emmanuel Stoupakis, and Sharon Agate on the basis of waiver.

to Ms. Snyder, as the non-moving party, and therefore credited Mr. Petralia's direct testimony in her favor. *See Braun*, *supra*.

Thus, it was error for the trial court to take the case from the jurors via the grant of compulsory nonsuit.

Finally, in the alternative, Mr. Markowitz and the Thaiparambils attempt to support the nonsuit under the Pennsylvania Rule of Evidence 1002, The Best Evidence Rule. *See* Mr. Markowitz's Brief at 10; The Thaiparambils' Brief at 12-14. This claim is unavailing. As a Rule of Evidence, Pa.R.E. 1002 goes to the admissibility of Mr. Petralia's testimony before or during his time on the stand, not to whether his testimony establishes a legally enforceable duty of care following its admission.

Once Mr. Petralia testified that the language of the Owners' deeds imposed a duty to repair the common driveway, and none of the Owners objected to that testimony pursuant to The Best Evidence Rule, they waived this evidentiary issue. The procedure to raise and to preserve an evidentiary issue is as follows:

> A party may claim error in a ruling to admit . . . evidence
> only:
>
> > (1) if . . . [that] party, on the record:
> >
> > > (A) makes a timely objection, motion to strike, or
> > > motion *in limine*; and
> > >
> > > (B) states the specific ground, unless it was
> > > apparent from the context;

Pa.R.E. 103(a).

Because the Owners had waived The Best Evidence Rule during trial, by the time Ms. Snyder rested her case-in-chief, Pa.R.E. 1002 was no longer a potential impediment to the jury considering the expert's testimony of the deeds' contents.[5] We may not affirm the order at bar on this alternative basis.

Lastly, in the argument portion of her brief, Ms. Snyder indicates that, after she appealed, the trial court, *sua sponte*, reversed the directed verdicts against the Owners who had failed to appear for trial: *i.e.*, John Burgher, George Porter, Mary Porter, Leudy Checo, and Andrea Curiel. Ms. Snyder claims the trial court entered that order of reversal on March 9, 2021 — two weeks after her notice of appeal to this Court.

Because the order postdates this appeal, it does not appear in the record at bar. However, at oral argument, counsel for the Owners conceded that the trial court entered that order. Thus, we will treat the order reversing the grant of directed verdicts against Mr. Burger, Mr. Porter, Ms. Porter, Ms. Checo, and Ms. Curiel as if it were of record.

We ask, *sua sponte*, whether the trial court possessed jurisdiction over this case when it issued the March 9, 2021 Order, because it is well-settled that "Action taken by a court without jurisdiction is a nullity." ***In re Estate of Brown***, 30 A.3d 1200, 1205 (Pa. Super. 2011).

---

[5] Notably, this result may differ in a property dispute, where the substantive law of the Statute of Frauds, 33 P.S. § 1, might require the deeds to prove title to or a usufructuary right in the common driveway, regardless of The Best Evidence Rule.

This issue presents a pure question of law. The "standard of review in determining whether a court has subject-matter jurisdiction is *de novo*, and the scope of review is plenary." ***Mazur v. Trinity Area Sch. Dist.***, 961 A.2d 96, 101 (Pa. 2008). Furthermore, it "may be raised at any time in the course of the proceedings, including by a reviewing court *sua sponte*." ***Id.***

Where, as here, a party timely appeals from an appealable order or final judgment, the appeal divests the trial court of its original, subject-matter jurisdiction and posits the case in the jurisdiction of the court to which the appeal has been taken. ***See, e.g., Moses v. T.N.T. Red Star Exp.***, 725 A.2d 792, 795 n.5 (Pa. Super. 1999). "After an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a).

Thereafter, the trial court's authority is limited to certain ministerial acts that our Rules of Appellate Procedure clearly delineate. They are:

(1) Take such action as may be necessary to preserve the *status quo*, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed, and transmitted, grant leave to appeal *in forma pauperis*, grant *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

    (i) an application for reconsideration of the order is filed in the trial court or other government unit

within the time provided or prescribed by law; and

> (ii)   an order expressly granting reconsideration of such prior order is filed in the trial court . . . within the time prescribed by these rules for the filing of a notice of appeal . . . or within any shorter time provided or prescribed by law for the granting of reconsideration.

\*       \*       \*       \*       \*

(4)   Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.

(5)   Take any action directed or authorized by an appellate court.

(6)   Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

Pa.R.A.P. 1701(b).

The order entered on March 9, 2021 did none of the foregoing. In fact, it directly violated Pa.R.A.P. 1710(b)(1). Rather than preserving the *status quo*, it drastically altered the state of this case and the record. The March 9, 2021 Order **reversed** the then-final grant of directed verdicts to Ms. Snyder against certain Owners.

Indeed, those directed verdicts were already final. The non-appearing Owners neglected to file post-trial motions seeking to reverse the grant of the directed verdicts. **See** Pa.R.C.P. 227.1(c) (requiring that all motions for post-trial relief be filed within ten days after the entry of the directed verdict). Thus, they forfeited any right to post-trial relief or right of appeal to this Court.

In short, the trial court lacked subject-matter jurisdiction over this case when it entered the March 9, 2021 Order, because Ms. Snyder had already filed a timely notice of appeal to this Court. **See Moses**, **supra.** The Order of March 9, 2021 is a legal nullity, which we must vacate. **See In re Estate of Brown**, **supra**.

Upon remand, the trial court shall direct verdicts against Mr. Burgher, Mr. Porter, Ms. Porter, Ms. Checo, and Ms. Curiel on the issue of liability and direct the jury to determine and award damages against them jointly and severally. **See Spencer v. Johnson**, 249 A.3d 529, 559 (Pa. Super. 2021), *reargument denied* (May 24, 2021) (holding that "there is no indication the legislature intended to make universal changes to the concept of joint and several liability outside of cases where a plaintiff has been found to be contributorily negligent."). Because Mr. Burgher, Mr. Porter, Ms. Porter, Ms. Checo, and Ms. Curiel did not appear to allege, much less to prove, that Ms. Snyder was contributorily negligent, the Fair Share Act, 42 Pa.C.S.A. § 7102, does not shield them from the common law of joint and several liablity under **Spencer**.

Judgment vacated. Order denying Ms. Snyder post-trial relief reversed as to Jay Markowitz, Johnson Thaiparambil, and Shainy Thaiparambil. Order denying Ms. Snyder post-trial relief affirmed as to Ava Hunt, Aleshia Griffin, Emmanuel Stoupakis, and Sharon Agate. Order of March 9, 2021 vacated. Case remanded for further proceedings consistent with this Memorandum.

Jurisdiction relinquished.

President Judge Emeritus Stevens joins the Memorandum.

Judge Nichols concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 11/10/2021*